LEVI HARGREAVES v. CHARLES D. REESE and Others.[1]

December 11, 1896.

Nos. 10,297—(116).

**Chattel Mortgage—Execution—Delivery.**

*Held*, that the evidence justifies the special verdict of the jury, finding that the chattel mortgage in question, incomplete on its face, was never delivered to the mortgagee as an executed instrument; that this conclusively disposes of the case, and renders it immaterial whether the general verdict is sustained by the evidence on the other issues.

**Secondary Evidence.**

*Held*, the court below did not err in admitting secondary evidence of the contents of a certain writing.

Appeal by defendant First National Bank of Conneautville, Pennsylvania, from an order of the district court for Houston county, Whytock, J., denying a motion for a new trial. Affirmed.

*Bleekman, Bloomingdale & Bergh* and *E. H. Smalley*, for appellant.

*Gray & Thompson, C. S. Trask*, and *W. G. Drowley*, for respondent.

CANTY, J. The plaintiff purchased a stallion of one Toms, and, in payment for the same, delivered to Toms two other stallions, and agreed to pay Toms $1,100 besides, for which he executed and delivered three promissory notes, payable to the order of Toms. He also signed a chattel mortgage, by the terms of which he mortgaged to Toms the stallion so purchased by him from the latter, and several other horses and some other personal property, to secure the payment of these notes. But he never acknowledged this mortgage, and claims that he never delivered it to Toms as an executed instrument, and that, before the trade was consummated, he and Toms agreed to substitute for the chattel mortgage a mortgage on certain real estate, which latter mortgage plaintiff accordingly executed and delivered to Toms, who at the same time agreed to destroy the uncompleted chattel mortgage, which was then in his custody. Toms

1 Reported in 69 N. W. 223.

indorsed and transferred the notes before maturity, and the same were by the indorsees again transferred before maturity to the defendant bank. After the maturity of the notes, the bank, claiming under the chattel mortgage, which had been delivered to it with the notes, took possession of the personal property therein described. Thereupon plaintiff brought replevin against the bank and its agent for the possession of the property so taken. On the trial plaintiff had a verdict, and, from an order denying a new trial, defendant appeals.

Defendants offered evidence tending to prove that plaintiff agreed to, and did, execute and deliver both the real-estate mortgage and the chattel mortgage. Plaintiff offered evidence tending to prove his said claim that he gave the real-estate mortgage in lieu of the chattel mortgage, and that Toms agreed to destroy the latter, which had been left with him, after it was signed, until the trade was to be completed, but had never been acknowledged.

The jury, by a special verdict, found that plaintiff never did deliver the chattel mortgage to Toms. This special finding is supported by evidence, and, it seems to us, conclusively disposes of this case.

If this finding is sustained, there is no chattel mortgage, and plaintiff is entitled to the property in question. There is nothing in appellant's position that plaintiff, having permitted this chattel mortgage to remain in the hands of Toms, and thereby enabled the latter to palm it off on innocent purchasers, is estopped from denying its execution and delivery. Even if, as appellant claims, the notes and mortgages were executed in Wisconsin, are Wisconsin contracts, and, under the laws of that state, a chattel mortgage partakes of the nature of the negotiable notes which it secures, still there was sufficient to give such an intended purchaser notice. The chattel mortgage disclosed on its face that the property described in it was situated in this state, where the mortgagor resided. Such a mortgage is void as to creditors and innocent purchasers, unless filed of record in the proper place in this state, and this could not be done, because the instrument was not acknowledged. The taking of such a defective instrument would hardly be regarded anywhere as the taking of negotiable paper innocently and in good faith in the ordinary course of business.

But the jury also found, by a special verdict, that the notes were made and delivered in Minnesota. The evidence justified this find-

ing, and warranted a further finding that the parties intended to be governed by the laws of this state in the execution and performance of the contract. If such further finding was necessary, it might, for the purpose of sustaining the general verdict, be regarded as included in it. But, as before stated, the case is conclusively disposed of on other issues.

There was also much evidence introduced on the trial to prove, on the one side, and to disprove, on the other, that plaintiff had himself complied with the conditions of a certain warranty in the sale of the horse, so as to enable him to take advantage of a breach of the warranty, for the purpose of defeating any claim against him for the amount claimed to be due on the notes and alleged chattel mortgage. It is urged by appellant that the evidence was not sufficient to prove that plaintiff had so complied with said conditions. It is not necessary to pass on this point. As before stated, the plaintiff had prevailed on other issues, by reason of which he is entitled to judgment.

The court did not err in overruling the objection to the reading of a copy of a letter written by plaintiff's attorneys to Toms concerning the stallion. Toms testified, in substance, that he had received the letter, lost it, and could not find it, and that the copy read was substantially correct. Again, this evidence was on the issue of compliance with the conditions of the warranty, and, as we have already shown, this issue has, by the special findings of the jury on other issues, become immaterial.

This disposes of all the assignments of error argued by appellant.
Order affirmed.